IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOE L. COLLINS                                                                                           PLAINTIFF

VS.                                                                              CIVIL ACTION NO.3:08cv752-FKB

TOBY TROWBRIDGE, UKNOWN
SGT. WEBSTER, AND LT. THOMAS
STRAIT                                                                                                  DEFENDANT

MEMORANDUM OPINION AND ORDER

Plaintiff is currently incarcerated in federal prison in Kentucky.  He brought this action pursuant to § 1983 against Toby Trowbridge, the Sheriff of Madison County, Mississippi, and two detention center officers challenging the conditions of his confinement while he was held as a pretrial detainee at the Madison County Detention Center.  The parties have consented to jurisdiction by the undersigned. Presently before the Court is the motion of Sheriff Trowbridge for summary motion. Having considered the motion and the evidence of record, the Court concludes that the motion should be granted.

Plaintiff's claims, as previously set forth in this Court's omnibus order, are as follows.  Collins alleges that while he was incarcerated in the Madison County Detention Center (1) he was assaulted by Defendants Webster and Strait, (2) that Officers Webster and Strait, pursuant to a common practice at the jail, placed another inmate in his cell for the purpose of allowing the inmate to assault him, and (3) that jail officials failed to provide follow-up medical care for eye injuries sustained during the assaults.

Attached to Sheriff Trowbridge's motion is an affidavit by him setting forth his lack of involvement in any of these alleged acts or omissions. Specifically, he states that he was not involved in any way in the day-to-day guarding or housing of Plaintiff, and that he played no role in Plaintiff's health care, as all medical care is provided pursuant to a contract with Southern Health Partners. The Sheriff also details the training that had been provided to Webster and Strait and states that he regularly reviews and monitors the actions and conduct of all detention center officers. He specifically states that he has no knowledge that any of the abuses alleged by Plaintiff were prevalent at the detention center during Plaintiff's stay there.[1]

There is no respondeat superior liability under § 1983. *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, in order to hold a person in a supervisory position personally liable, a plaintiff must prove that he or she directly participated in the denial of the plaintiff's constitutional rights. *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009). However, a supervisor's actions may meet the "direct participation" requirement if his or her failure to train or supervise subordinates constitutes deliberate indifference to a constitutional right. *Id.* Liability under such a theory, however, requires a "stringent standard of fault." *McCully v. City of North Richland Hills*, 406 F.3d 375, 377, 381 (5th Cir. 2005) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997)). "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious

---

[1] Sheriff Trowbridge has also relied in his motion on requests for admissions to which Plaintiff never responded, asking that the Court deem these to be admitted. The Court concludes that Sheriff Trowbridge's affidavit is sufficient for the granting of summary judgment and that therefore it is unnecessary for the Court to rule regarding Plaintiff's failure to respond to the requests.

harm exists, and he must also draw the inference." *Id.* at 381 (quoting *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir.1998)).  Thus, to show that an individual in a supervisory position was deliberately indifferent, a plaintiff usually must demonstrate a "pattern of violations" and that the inadequacy of the training or failure to supervise is "obvious and obviously likely to result in a constitutional violation." *Id.* (quoting *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003)).  Collins has failed to adduce any evidence of these elements in the present case, and Sheriff Trowbridge has specifically denied knowledge of any pattern of violations.  Thus, there is no factual issue as to any constitutional violation on the part of Sheriff Trowbridge, and he is entitled to summary judgment.

      For these reasons, all claims against Sheriff Trowbridge will be dismissed.  The case will proceed to trial against Defendants Webster and Strait.

      SO ORDERED this the 20th day of September, 2011.

                                             /s/ F. Keith Ball

                                             UNITED STATES MAGISTRATE JUDGE