IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOE L. COLLINS                                                                                   PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:08cv752-FKB

TOBY TROWBRIDGE, et al.                                                                DEFENDANTS

## MEMORANDUM AND OPINION

Joe L. Collins is a federal prisoner currently serving two life sentences for conspiracy to commit murder and murder of a government witness. His claims in this § 1983 action arise out of his incarceration in the Madison County Detention Center (MCDC) in 2007 while he was awaiting trial on his criminal charges. Collins alleges that two MCDC officers, Lieutenant Thomas Straight and Sergeant Webster, assaulted him and subsequently directed another inmate to assault him. He also claims that jail officials failed to provide adequate medical care for injuries he sustained in the alleged assaults.

The Court previously granted summary judgment in favor of Defendant Toby Trowbridge, the former Sheriff of Madison County, and dismissed all claims against him. Defendant Webster was never served with process. The claims against Defendant Straight were tried to the Court on June 25, 2012, with Collins appearing by video conferencing.[1] Having considered the evidence presented at trial, and having heard the arguments of the parties, the Court makes the following findings of fact and conclusions of

---

[1]Collins is currently incarcerated in federal prison in Kentucky.

law.

At trial, two preliminary matters were considered prior to the presentation of evidence. Collins argued that the trial should not proceed because he had no witnesses present. The Court pointed out that Collins had been informed in the omnibus order of the procedures for requesting subpoenas or writs of habeas corpus *ad testificandum* to compel the attendance of witnesses, and that he had never availed himself of those procedures. Accordingly, the Court stated that the trial would proceed in the absence of these witnesses. Next, the Court heard arguments on Straight's recently-filed motion for summary judgment. The basis of Straight's motion is Collins's failure to deny, or respond in any way to, Officer Straight's requests for admission. In response to the motion, Collins argued that he had in fact responded to the requests and had sent a copy of his responses to the undersigned. Collins did not indicate, however, that he ever served a copy of his responses on Defendant. The Court took the motion under advisement and went forward with hearing the evidence. Having now considered the motion, the Court concludes that justice would best be served by consideration of the merits of Collins's claims in light of the evidence presented at trial. Accordingly, the motion for summary judgment is denied.

In his testimony, Collins gave the following account of the incidents underlying his claims. On or about July 13, 2008, Officers Straight and Webster entered Collins's cell, put him down, and slammed his head into the concrete floor. They then picked him up and threw him against the wall. The most serious injuries, however, resulted when Straight and Webster struck Collins in the eye, fracturing the bone around his eye socket.

2

The next day, inmate Antonio Porter hit Collins in the same eye, causing further injuries. After the assault by Porter, Collins was taken to an outside facility for medical treatment. Collins stated his belief that Straight and Webster assaulted him in retaliation for his complaints to the United States Marshal Service concerning treatment at the detention center.

Officer Straight was a lieutenant over the special response team during the relevant time period. His testimony was as follows. On July 10, 2007, he and other team members entered Collins's cell to conduct a shake-down. The standard procedure during a shake-down is to place inmates on the ground; however, because Collins was older, Officer Straight and the other officer allowed him to get up off of the floor and sit on a bench during the search. Officer Straight used no force whatsoever against Collins during the shakedown and saw no one else do so. Collins had no visible injuries when the Officer Straight left the cell. Two days later, on July 12, 2007, Collins was attacked by inmate Antonio Porter. Officer Straight first became aware of the attack when he received an "all call" that a fight was in progress. When Straight arrived at the cell, Porter had already been placed in restraints. Straight observed injuries on Collins's face. Both Porter and Collins were taken to the medical unit and then to an outside facility for stitches. Straight investigated the incident and concluded that Porter was responsible for the altercation. He prepared an incident report, took photographs, and helped gather evidence so that Collins could file charges against Porter. According to Straight, Porter was subsequently prosecuted and convicted on charges arising from his attack of Collins. Officer Straight had no other involvement in Porter's attack of Collins and did not

3

encourage the assault in any way.

Straight's incident report describing the attack by Porter was admitted into evidence. That report confirmed July 12, 2007, as the date of the altercation.

Having carefully considered the evidence, the Court finds that Collins's account of the alleged assault by Straight and Webster is not credible. Although Collins claims to have sustained injuries as a result of excessive force by these officers, he produced no medical records to support this allegation. The only medical records offered into evidence indicate that Collins was treated for a left orbital fracture; however, those records begin with emergency room treatment on the evening of July 12, 2007–the date of the assault by Porter. Those records reflect that Collins's injuries had been sustained during an altercation of that same date; nothing in the records supports Collins's contention that he sustained eye injuries prior to that date. On the other hand, the testimony of Officer Straight as to the relevant events was credible. Furthermore, Collins offered no evidence to support his claim that Officer Straight encouraged Antonio Porter to attack him or that anyone at MCDC denied Collins medical care. For these reasons, the Court finds that Collins has failed to prove a constitutional violation by Defendant Straight.

Accordingly, Collins's claims against Defendant Straight are hereby dismissed with prejudice. His claims against Defendant Webster are dismissed without prejudice. A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the 26th day of June, 2012.

/s/ F. Keith Ball<br>UNITED STATES MAGISTRATE JUDGE